PERRY DURANT *et ux.*, Respondents, v. BOURTER LEGG, Administrator, Appellant.

### Kansas City Court of Appeals, April 5, 1897.

Contract: EVIDENCE: INSTRUCTION. Where the evidence uses the words, "agreement or understanding" it is not error for the instruction to use the word "contract;" and there is sufficient evidence in the record of this case as to the existence of a contract to support a finding to that effect.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*S. C. Price* and *O. G. Bain* for appellant.

We submit that the plaintiff's first instruction is too broad. The court tells the jury that they "will take into consideration all the facts and circumstances detailed in evidence" "in determining whether or not there was an understanding and agreement that plaintiffs would charge and should receive compensation for the services" claimed to have been rendered. We further submit that even "the nature and degree of relationship," as stated in this instruction, given as it was in behalf of plaintiffs, was calculated to lead the jury to infer that the nature and degree of relationship proven tended to establish a contract for remuneration when just the opposite is true. *Penter v. Roberts*, 51 Mo. App. 222; *Louder v. Hart*, 52 Mo. App. 377; *Castle v. Edwards*, 63 Mo. App. 564; *Erhart v. Deitich*, 118 Mo. 418, *loc. cit.* 431; *Snyder v. Free*, 114 Mo. 360, *loc. cit.* 371; *Morris v. Barnes' Adm'r*, 35 Mo. 412; *Hart v. Hart's Adm'r*, 41 Mo. 441; *Guenther v. Bir-*

*kicht's Adm'r*, 22 Mo. 439; *Bank v. Aull's Adm'r*, 80 Mo. 199.

*O. M. Shanklin* with *Harber & Knight* for respondents.

It has ever been the rule in this state that whenever services are rendered and received, a contract of hiring, or obligation to pay, will be presumed; but the presumption may arise from the relationship of the parties, that the services rendered were acts of gratuitous kindness. In all such cases, it will be a question for the jury taking into consideration the nature and degree of the relationship and the circumstances in the life of the parties, and other matters in proof, whether there was an implied contract for compensation. Hence, instructions identical with respondents' first, of which complaint is made, have been frequently approved by courts of last resort in this state. *Smith v. Myers*, 19 Mo. 433; *Guenther v. Birkicht*, 22 Mo. 439; *Morris v. Barnes*, 35 Mo. 412; *Hart v. Hart*, 41 Mo. 441; *Cowell v. Roberts*, 79 Mo. 218; *Koch v. Hebel*, 32 Mo. App. 103; *Wood v. Land*, 30 Mo. App. 176; s. c., 35 Mo. App. 381; *Callahan v. Riggins*, 43 Mo. App. 136; *Platt v. Roberts*, 57 Mo. App. 222; *Finnell v. Gooch*, 59 Mo. App. 209; *Castle v. Edwards*, 63 Mo. App. 568.

ELLISON, J.—The plaintiffs presented a claim against the estate of Noble Legg, for board and care of said Legg before and during his last sickness. The judgment below was for plaintiffs.

Plaintiffs are husband and wife, the wife being deceased's daughter. There was abundant evidence,

CONTRACT: evidence: instruction.

which, if credited by the jury, will sustain the verdict. We have nothing to do with the weight or credit which should be given to the witnesses introduced to establish the claim. The

fact that the daughter is here asking for pay for that service to her father which ordinarily ought to have been considered a privilege and a pleasure to render, without thought of any further reward than should come from the pleasing consciousness of a natural duty discharged, was doubtless considered by the jury along with the evidence tending to show that an understanding existed between the parties, to pay and to receive pay. We are thus left to consider the instructions and find them to be, as intimated to counsel at the argument, without substantial fault. Substituting the words, agreement or understanding between the parties, for the words, *contract* between the parties, was not error, since, if it was agreed and understood between the parties that the one was to pay and the other to receive pay for the services to be rendered, it was all the law required. In such case it was a contract and the jury could not possibly have understood it differently. An examination of the criticism offered to the action of the court on the instructions satisfies us that it is not well founded. There was evidence sufficient, when considered with the whole case, to support the finding for feed of the deceased's horse. We do not feel authorized to interfere and hence affirm the judgment. All concur.